**(112 So. 492)**

**No. 27268.**

### CURRAN v. JONES.

March 28, 1927.

*(Syllabus by Editorial Staff.)*

1. Game ☞3—**State's ownership of wild animals held not to prevent recovery against tax title claimant for trapping, pending appeal.**

State's ownership of wild animals within borders does not prevent recovery for loss of profits from fur trapping on premises claimed by plaintiff, pending suspension of appeal from judgment annulling tax sale.

2. Game ☞3—**Plaintiff suing tax title claimant for trapping, pending appeal, need not allege trespass or trapping in bad faith (Rev. Civ. Code, arts. 502, 503).**

Under Rev. Civ. Code, arts. 502, 503, plaintiff suing to recover profits from fur trapping, pending suspension of judgment annulling tax sale of premises, need not allege defendant was trespasser and that he trapped in bad faith, in view of fact that defects in defendant's title were shown to him by suit to annul title.

Appeal from Fourteenth Judicial District Court, Parish of Cameron; Jerry Cline, Judge.

Action by Richard Curran against D. G. Jones and another for damages. From a judgment of dismissal, plaintiff appeals. Judgment set aside, and case remanded.

Miller & Miller, of Jennings, for appellant.
Benjamin T. Waldo and Eberhard P. Deutsch, both of New Orleans, and Griffin T. Hawkins, of Lake Charles, for appellee.

BRUNOT, J. The plaintiff acquired the land described in his petition in 1917. Thereafter it was assessed in his name. The state and parish taxes for 1920 were not paid, and in 1921 the property was sold, at a delinquent tax sale, to the defendant. In 1922 the defendant cited the plaintiff to answer a suit brought to confirm his tax title. The plaintiff answered that suit, reconvened, and attacked the validity of the tax sale. The case was tried and the judgment rendered therein annulled the tax sale, but suspended the judgment pending payment to defendant of all sums expended by him in the acquisition of the property and in the payment of the taxes thereon for the years 1921 and 1922, together with interest, penalties, and costs. From this judgment the defendant suspensively appealed. The appeal bond was fixed at $10,000, and it was signed by the United States Fidelity & Guaranty Company, as surety thereon. The case was heard, on appeal, in 1924 (156 La. 1055, 101 So. 415), and the judgment of the district court was affirmed. Thereafter this suit was instituted.

The lands involved in the original suit are marsh lands, which are of little value except for trapping fur-bearing animals and for hunting wild game and fowls during the open hunting and trapping seasons. Defendant was in possession of these lands under his tax title, and, by virtue of the suspensive appeal taken from the judgment of the district court in the original suit, retained possession thereof and trapped on the lands during the open season of 1923–1924, thereby securing approximately 55,275 muskrat pelts, of an approximate net value of $10,000. This suit is for that sum. It is against D. G. Jones and the United States Fidelity & Guaranty Company, the surety on Jones' appeal bond in the original suit, and the prayer of plaintiff's petition is for a judgment against both defendants, in solido, for $10,000, with 5 per cent. per annum interest thereon from February 15, 1924, until paid, with a reservation of plaintiff's right to sue D. G. Jones for the value of the furs trapped by him on the lands during the open seasons of 1921–1922 and 1922–1923.

The United States Fidelity & Guaranty Company excepted to the petition as not disclosing a cause or right of action against ex-

ceptor. This exception was sustained, and the suit as to that defendant was dismissed at plaintiff's cost. No appeal was taken from this judgment; the judgment has become final, and, so far as this suit is concerned, the United States Fidelity & Guaranty Company has passed out of the case.

The defendant, Jones, excepted to plaintiff's petition upon two grounds, viz., want of interest in plaintiff because the suit is for the recovery of alleged damages caused by defendant's trapping wild quadrupeds on the lands described in the petition, when, in fact, all wild animals within its borders are owned by the state in its sovereign capacity for the common benefit of all the people; and, that petitioner does not allege that exceptor was a trespasser on the land or that he possessed and trapped it in bad faith. The exceptions were sustained, and the suit was dismissed at plaintiff's cost. From this judgment plaintiff appealed.

[1] That the plaintiff is without interest to prosecute this suit because the state, by virtue of its sovereignty, is the owner of the wild animals within its borders is not in accord with the views of this court, which were recently expressed in the three consolidated cases appearing on the docket of this court as Nos. 26965, 27050, and 27510, Rosenthal-Brown Fur Co., Inc., v. Jones-Frere Fur Co. et al., 162 La. 403, 110 So. 630, wherein we said:

"It is quite true that one does not own the wild animals which stray into his field, and, accordingly, he cannot claim such animals from another merely because they may have been killed or captured on his land. So says the law. R. C. C. 3415.

"But this is very far from saying that one may not establish exclusive game preserves on his land, or that another may come upon his premises and kill or capture at his pleasure the wild animals thereon, and that the owner has no redress except vi et armis, or through a belated (and hence ineffective) injunction, the true rule is this, that the wild animals upon the land do not belong to the owner thereof rationæ soli; hence one who has not been forbidden to go upon the land of another may lawfully exercise the right (which otherwise belongs to the owner alone) to hunt and trap thereon and may therefore keep for himself the fruits of a right lawfully exercised, the owner of the land presumably consenting because not objecting. But one who unlawfully, and against the will of the owner of the land, exercises thereon rights belonging exclusively to the owner, must account to such owner for all the fruits of his unlawful exercise of that right. Gulf Refining Co. v. Hayne, 148 La. 340, 346, 86 So. 891; R. C. C. 501; Allies Oil Co. v. Ayers, 152 La. 19, 21, 22, 92 So. 720. This being in accord with the moral maxim of the law that 'no one ought to enrich himself at the expense of another.' R. C. C. 1965."

Plaintiff's suit to annul the tax title under which defendant asserted ownership of the property was tried and decided by the district judge prior to the trapping season of 1923–1924, and as defendant perfected a suspensive appeal from that judgment he necessarily retained possession of the property pending the final disposition of the appeal.

Under these circumstances, it cannot be seriously contended that plaintiff presumably consented to defendant's trapping operations on his land.

The full extent to which the Rosenthal-Frere Cases may ultimately be held to apply to the demands of the plaintiff is problematical and dependent upon the facts to be developed upon the trial on the merits.

[2] Defendant's second ground of exception is that the petitioner does not allege that defendant was a trespasser on the land or that he trapped it in bad faith.

Inasmuch as the defects in defendant's title were made known to him by the original suit to annul that title, we do not think the omissions complained of were sacramental. Articles 502 and 503 of the R. C. C. are as follows:

"Art. 502. The products of the thing do not belong to the simple possessor, and must be returned with the thing to the owner who claims the same, unless the possessor held it bona fide.

"Art. 503. He is a bona fide possessor who possesses as owner by virtue of an act sufficient in terms to transfer property, the defects of .which he was ignorant of. He ceases to be a bona fide possessor from the moment these defects are made known to him, or are declared to him by a suit instituted for the recovery of the thing by the owner."

It has been held that a mere notice to the defendant of the defects in his title is not sufficient, but a suit must be instituted by the owner for the recovery of the thing. Not a mere possessory action, but a suit in which the title to the property is involved.

For these reasons we think the exceptions filed by the defendant D. G. Jones should have been overruled. It is therefore ordered that the judgment appealed from be avoided and set aside, and that this case be remanded to the lower court to be proceeded with according to law and the views herein expressed, and that the costs of this appeal be paid by the appellee.