*731
 
 ODOM, Justice.
 

 Plaintiff alleged that on or about September 11, 1933, he leased 2,850 acres of land from Godchaux Sugars, Inc., took possession thereof by posting it, and planted thereon “grasses and foods to encourage habitation of fur bearing animals upon said property,” and that for a considerable period of time he was in the “peaceful possession” of the land; that during “the present trapping season” (this suit was filed January 20, 1934) he placed trappers on the lands “for the purpose of catching muskrats”; that in the month of December, 1933, the Violet Trapping Company, a nonresident corporation, and Mirandona Brothers, a commercial partnership having its domicile in New Orleans, took forcible possession of a portion of the said property by sending certain persons thereon, “forcing the trappers located thereon by your petitioner, to leave said property by threats and physical force; that they thereafter placed upon said marsh lands trappers working in the interest of the said Violet Trapping Company Inc. and Mirandona Bros.”
 

 He further alleged that since December 19, 1933, the trappers “working in the interest of the Violet Trapping Co., Inc., and Mirandona Bros., have continued their operations of catching muskrats upon the property, leased by your petitioner, for the account of Violet Trapping Co. Inc. and Mirandona Bros.”; and that he is informed, believes, and so believing alleges, “that the muskrat pelt (sic) taken from December 19, 1933, to the present date amount to in excess of 12,000 pelts or furs,” worth 53 cents each.
 

 Alleging that the pelts taken from the-rats captured on the lands are his property, that they were then in possession of the Violet Trapping Company, Inc., and Mirandona Brothers at a warehouse in the city of New Orleans, that he was entitled to recover judgment in solido against the defendants for the value of the pelts, the amount to be determined by an accounting, and that he feared that the pelts would be concealed or disposed of during the pendency of the suit, he prayed that they be sequestered. He further prayed that he be decreed the owner of the pelts, and in the alternative, that he have judgment for $6,300, or “as much thereof as shall be ascertained to be due your petitioner upon a proper accounting by said defendants.”
 

 A writ of sequestration issued as prayed for, and the sheriff sequestered 26,000’ pelts, valued at $24,000, found in possession of the defendants.
 

 Defendants moved to dissolve thé sequestration on various grounds, which need not be stated. The motion to dissolve was tried, evidence adduced, and there -was, judgment in favor of defendants, setting aside the seizure, with $350 damages for attorneys’ fees.
 

 Mirandona Brothers filed an exception-of no cause of action, which was sustained, and plaintiff’s suit as to the partnership, was dismissed. The Violet Trapping Company, Inc., excepted to the jurisdiction of the court, and this exception was sustained. Plaintiff appealed from the judgment allowing defendant damages for dissolution
 
 *733
 
 of the sequestration and from the judgments sustaining the exceptions filed.
 

 It is conceded by counsel for plaintiff that the judgment dissolving the writ of sequestration is correct. But it is argued that the allowance of attorneys’ fees was improper, for the reason that there was no proof made of the value of the services rendered by the attorneys for defendant. Counsel for plaintiff say in their brief: “There is no evidence in the record as to what services were rendered by the attorney for Mirandona Brothers, on the motion to dissolve, and no evidence as to the value of the services rendered by the attorney.”
 

 It is settled that attorneys’ fees may be allowed for the dissolution of a conservatory writ, except in those cases where the writ is dissolved merely as an incident to the decision of the case on its merits. Crowell & Spencer Lumber Co. v. Duplissey, 130 La. 837, 58 So. 590; Fabacher v. Rouprich, 160 La. 433, 107 So. 295; Louisiana State Rice Milling Co., Inc., v. Potter, 179 La. 197, 153 So. 690.
 

 This case was never tried on its merits. The only trial had was on the motion to dissolve the writ of sequestration. As to what services were rendered by counsel for defendant in having the writ dissolved, the record speaks for itself. It took two days to try the rule, some nine or ten witnesses were called, and their testimony covers about 140 typewritten pages. The estimated value of the property sequestered was $24,000.
 

 As to proof of the value of the services rendered by counsel, the testimony shows that Mirandona Brothers agreed to pay them a fee of $500 to have the writ dissolved. One of the partners said they expected to pay that fee unless counsel “would be nice” later on, from which we understand he meant that they hoped counsel would agree to accept less.
 

 As against this testimony, counsel for plaintiff offered no testimony. All the services were rendered under the eyes of the trial judge, who fixed the fee at $350. We shall not disturb his judgment.
 

 Counsel for plaintiff cite the case of Coile v. Crawford, 162 So. 254, where the Court of Appeal, Second Circuit, nonsuited defendant’s reconventional demand for attorney’s fees because no proof was made of the value of the services rendered. In that case the conservatory writ was abandoned by plaintiff and there was no testimony at all to show the value of the services rendered by the attorneys up to the time of the abandonment.
 

 On the Exception of No Cause of Action.
 

 We quote the following from the brief filed by counsel for defendant Mirandona Brothers:
 

 “This exception was based on the failure of plaintiff to allege that he had the
 
 exclusive right
 
 to take furbearing animals from the land in question and that he had the
 
 legal right
 
 to take furbearing animals therefrom by virtue of his having complied with the conservation laws of the State of Louisiana.”
 

 “Nowhere does he allege whether he had a mineral or a mining lease, an agricultural
 
 *735
 
 lease, a cattle pasturage or grazing lease, a hunting lease, or a lease for the exclusive trapping privileges on said lands.”
 

 The theory advanced by counsel does not impress us as being. sound. Plaintiff alleged that he was the lessee of the entire tract of land; that he was in peaceable possession of it and had posted it, warning trespassers to keep off;' that for the past two years he had planted grasses thereon for food to encourage furbearing animals to inhabit it; and that he had, during the present trapping season, parceled the land out of trappers “for the purpose of catching muskrats, assigning to each a sufficient number of acres of ground to make said business profitable to both trappers and your petitioner.”
 

 So' that, whatever other rights he may have had under his lease, the allegations of his' petition are sufficient to show that as lessee he did have trapping rights, and the petition shows that defendants had no right to go upon the land for any purpose; that the going upon the land by their agents to catch rats was an unlawful trespass. Plaintiff, being the lessee of the property, certainly had some rights thereon, and according to the petition the defendants had none at all.
 

 Lease is a contract by which one party gives to another the enjoyment of a thing for a consideration. Civil Code, arts. 2669-2674. . Plaintiff’s allegation that he was the lessee of this land was equivalent to saying that he had the use, the enjoyment of it, and that it had been delivered to him. Civil Code, art. 2692. A lessee who has been put in possession of a thing is, during the term' of the lease, the proprietor of it. He has the legal right to use it. He is a quasi owner of it. New Orleans City Railroad Co. v. McCloskey, 35 La. Ann. 784. If he is disturbed in his possession by. a trespasser he has a right of action against such trespasser to recover damages. Civil Code, art. 2703.
 

 Of course, the owner, or proprietor of land does not own the wild animals which inhabit it. Such animals belong to nobody and become the property of the captor. Civil Code, arts. 3412, 3413, 3414, and 3415. But the last clause of article 3415 of the Code reads as follows:
 

 “And it is not material whether they are taken by a man upon his own ground or upon the ground of another. But the proprietor of a tract of land may forbid any person from entering it for the purpose of hunting thereon.”
 

 According to plaintiff’s' petition, the defendants unlawfully trapped and caught muskrats, which are wild fur-bearing animals, on the land of which he was proprietor. In the case of Rosenthal-Brown Fur Co. v. Jones-Frere Fur Co., 162 La. 403, 110 So. 630, it was held, according to paragraph 4 of the syllabus, which is a correct statement of the court’s ruling on this point, that:
 

 “One who unlawfully traps wild game against will of owner of land must account to owner for all fruits of such trapping, in view of Rev.Civ.Code, art. 1965, notwithstanding that under section 3415, landowner does not own wild animals, and one not' forbidden to go on land to hunt and trap may lawfully do ' so.”
 

 
 *737
 
 In the case of Curran v. Jones, 163 La. 579, 112 So. 492, the ruling in the Rosenthal Case was reaffirmed.
 

 Counsel for defendants argue that those cases are not in point here because plaintiff is not the owner of the land and did not allege that he had the exclusive trapping rights thereon. We think the cases are in point. Plaintiff’s petition shows that he was the proprietor of the land at the time the defendants trespassed upon it, and the Civil Code, art. 3415, says that the “proprietor” of a tract of land may forbid any person from entering it for the purpose of hunting thereon.
 

 We ■ think plaintiff’s petition sets out a cause of action.
 

 • On the Exception to the Jurisdiction.
 

 The suit was brought in New Orleans. The Violet Trapping Company is a Delaware corporation with its Louisiana domicile at Violet, in St. Bernard parish. It filed an exception to the jurisdiction of the court.
 

 According to plaintiff’s petition, the Violet Trapping Company and the commericial firm of Mirandona Brothers were joint trespassers. It is alleged that Louis Serpas, Jr., and Clarence Moore, “acting within the scope of their authority, for and on behalf of the Violet Trapping Co. and Mirandona Bros., and as employes and agents of the Violet Trapping Co. and Mirandona Bros., came upon the property of your petitioner and forcibly took possession of a portion of said property, forcing the trappers located thereon by your petitioner, to leave said property by threats and physical force; that they thereafter placed upon said marsh lands trappers working in the interest of the said Violet Trapping Company Inc. and Mirandona Bros.” And it is further alleged that since December 19, 1933, said trappers “working in the interest of the Violet Trapping Company Inc. and Mirandona Bros., have continued their operations of catching muskrats upon the property, leased by your petitioner, for the account of Violet Trapping Co. Inc. and Mirandona Bros.”
 

 From these allegations it appears that the trapping on the lands was a joint enterprise, a joint adventure engaged in by the defendants for their joint benefit. That being true, defendants were joint trespassers and liable in solido for the damage occasioned.
 

 In the Rosenthal Case, supra, it was held that: “Where wrongful trapping operations were for joint benefit of two defendants, they were joint trespassers, liable in solido.” (Paragraph 6 of syllabus.) To the same effect was the ruling in Rathborne Lumber Co. v. Cooper et al., 164 La. 502, 114 So. 112. •
 

 The commercial firm of Mirandona Brothers has its domicile in New Orleans, where the suit was brought. Where defendants are joint or solidary obligors, they may be cited and sued at the domicile of either. That rule applies to joint trespassers. Rathborne Lumber Co. v. Cooper, supra. See, also, Canal Bank & Trust Co. v. Greco, 177 La. 507, 148 So. 693; Gardiner v. Erskine, et al., 170 La. 212, 127 So. 604.
 

 
 *739
 
 The exception to the jurisdiction filed by the Violet Trapping Company is not well founded and should have been overruled.
 

 For the reasons assigned the judgment awarding damages for $350 as attorneys’ fees for dissolving the writ' of sequestration is affirmed; and the judgments sustaining the exception of no cause of action filed by Mirandona Brothers and sustaining the exception to the jurisdiction filed by the Violet Trapping Company, Inc., are reversed and set aside, and the exceptions are overruled. It is now ordered that the case as to both defendants be remanded to the civil district court for the parish of Orleans, division C, and reinstated on the docket of the said court to be proceeded with according to law, all costs incurred in the trial of the motion to dissolve the writ, as well as the cost of this appeal, to be paid by the plaintiff, all other costs to await final results.