177 So. 697

UNITED GAS PUBLIC SERVICE CO. v. MITCHELL et al.

No. 34339.

Nov. 2, 1937.

Rehearing Denied Nov. 29, 1937.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

J. N. Marcantel and Lee & Lee, all of Shreveport, for appellee.

O'NIELL, Chief Justice.

The United Gas Public Service Company is appealing from a judgment dismissing its suit on an exception of no cause or right of action. The object of the suit is to enjoin the defendants from drilling oil wells on—or otherwise interfering with the plaintiff's alleged right of possession of—a tract of land having an area of 7.35 acres, which the plaintiff claims forms a part of a tract of land on which the plaintiff has an oil and gas lease.

On the 30th day of March, 1933, W. H. Mitchell and his wife, Minnie A. Mitchell, granted to R. W. Norton the lease which the plaintiff now holds, describing the land thus:

"Northwest Quarter of the Southeast Quarter (NW¼ of SE¼) and the Southwest Quarter of the Northeast Quarter (SW¼ of NE¼) of Sec. 20, Tp. 23 N., R. 16 W., containing 112.36 acres, more or less, and for rental-paying purposes and all other purposes of this lease estimated to contain 112.36 acres, but this lease shall cover and include all land owned or claimed by lessors contiguous to or forming a part of the land described or referred to above, whether the same be more or less than the estimated acreage."

The lease was recorded in the conveyance records of Caddo Parish on the 31st day of March, 1933.

On the 15th day of April, 1933, Norton made an assignment of his right, title and interest in the lease to the United Gas Public Service Company, and the assignment was recorded in the conveyance records of Caddo Parish on the 20th day of April, 1933. The lease was described in the assignment as the lease made by W. H. Mitchell and his wife, Minnie A. Mitchell, to R. W. Norton, on the 30th day of March, 1933, of the NW¼ of SE¼ and SW¼ of NE¼ of section 20, in T. 23 N., R. 16 W., containing 112.36 acres, more or less, in Caddo Parish; but the all-embracing clause, at the end of the description in the original lease, viz.: "but this lease shall cover and include all land owned or claimed by lessors contiguous to or forming part of the land described or referred to above, whether the same be more or less than the estimated acreage," was omitted from the description in the assignment of the lease.

On the 29th day of September, 1936—which was only three days before this suit was filed—Norton gave to the United Gas Public Service Company what is called in the company's petition in this suit "a supplemental and corrected assignment," in which it is recited that, whereas some question was raised as to whether the assignment covered all of the land included in the lease which Norton acquired from W. H. Mitchell and his wife, Minnie A. Mitchell, on the 30th of March, 1933, now, therefore, Norton acknowledges that the

assignment which he made to the United Gas Public Service Company covered and included all of the land described in the lease which he acquired from the Mitchells, and which he describes in the corrected assignment exactly as it was described in the original lease, including the all-embracing clause. This supplement or explanation of the original assignment was recorded in the conveyance records of Caddo Parish on the 2d day of October, 1936, being the day on which this suit was filed.

W. H. Mitchell died in 1934; and on the 1st day of August, 1936, the widow and heirs of Mitchell granted to C. P. McCrary and A. Holiby a mineral lease on the tract of land having an area of 7.35 acres, immediately south of and adjoining the NE¼ of SE¼ of section 20, which is covered by the United Gas Public Service Company's lease. The lease of the 7.35 acres to McCrary and Holiby was recorded on the 12th day of August, 1936, and on the next following day McCrary and Holiby made and recorded an assignment of the lease to R. L. Bauman and the McAlester Fuel Company, a Delaware corporation. Bauman and the McAlester Fuel Company went into possession of the 7.35 acres of land immediately after acquiring the lease on it, and erected a building on the land and commenced drilling for oil or gas. The United Gas Public Service Company promptly brought this suit for an injunction against the widow and heirs of the deceased W. H. Mitchell, and against C. P. McCrary and A. Holiby, and R. L. Bauman and the McAlester Fuel Company,

and for a cancellation of the lease of the 7.35 acres of land by the widow and heirs of W. H. Mitchell to McCrary and Holiby, and for a cancellation of the assignment made by McCrary and Holiby to Bauman and the McAlester Fuel Company. While the suit was pending, the lessees, Bauman and the McAlester Fuel Company, completed a producing oil well on the 7.35 acres of land; and the defendants then filed a supplemental petition, asking for a judicial sequestration of the property. Thereafter the plaintiff filed another supplemental petition, charging that the defendants, McCrary and Holiby, and Bauman and the McAlester Fuel Company, had entered into a conspiracy to induce the widow and heirs of W. H. Mitchell to violate their obligations under the plaintiff's lease; hence the plaintiff reserved the right to sue the defendants for damages. The prayer for a judicial sequestration was never acted upon, because the defendants, in response to each of the three petitions, pleaded that the plaintiff had no cause or right of action, and the plea was sustained and the suit dismissed.

The 7.35 acres of land in dispute is the northern part of the SE¼ of SE¼ of section 20, and is claimed by the widow and heirs of W. H. Mitchell by prescription, by occupancy and possession of the land, under fence, for more than thirty years. In the case of Foscue v. Mitchell, 185 La. 963, 171 So. 91, the plaintiffs, John W. Foscue and others, having a recorded title for the SE¼ of SE¼ of section 20, sought, unsuccessfully, to enjoin the drilling of the well which caused also the present suit.

The defendants' plea, that the plaintiff has no cause or right of action, is founded upon two separate and distinct propositions, viz.:

1. That the 7.35 acres, on which the defendants, R. L. Bauman and the McAlester Fuel Company, have a lease, was not so described in the plaintiff's lease as to be embraced therein, especially in so far as the rights acquired by third parties are concerned.

2. That, if it should be held that the defendant's lease covers the 7.35 acres in question, south of and adjoining the 112.36 acres described in the plaintiff's lease, the case would be governed by the decision in Gulf Refining Co. v. Glassell et al., 186 La. 190, 214, 171 So. 846, 854, maintaining —as stated specifically in the per curiam refusing a rehearing—"that a lessee of the usual mineral or gas and oil lease has no real right in or servitude on the leased land and is not a judgment creditor type obligee and therefore cannot in his own right or name, institute a petitory or possessory action."

The plaintiff, answering the defendants' second contention, claims a right of action under the doctrine of Esmele v. Violet Trapping Co., 187 La. 728, 175 So. 471, having reference to a lease for trapping purposes, and also under the doctrine of Smith v. Kennon, 188 La. 101, 175 So. 763, where the case of Gulf Refining Co. v. Glassell is distinguished from Smith v. Kennon.

Of course, if the facts of this case subject it to the doctrine of the case of Gulf Refining Co. v. Glassell, the plaintiff has no cause or right of action.

But, considering that the case has not been heard on its merits, we prefer to rest our decision upon the fact that the 7.35 acres, on which the defendants Bauman and the McAlester Fuel Company have a lease, is not so described in the plaintiff's lease as to be affected thereby—especially with regard to the rights acquired by third parties—e. g., McCrary and Holiby, and Bauman and the McAlester Fuel Company. It may be that the broad and sweeping clause at the end of the description of the 112.36 acres of land leased to R. W. Norton, in the contract dated March 30, 1933, gave Norton the right to compel his lessors, W. H. Mitchell and his wife, to grant and place on record a lease describing and covering the additional tract of 7.35 acres, before the rights of third parties intervened. But the broad and sweeping clause at the end of the description of the 112.36 acres, in the lease granted by W. H. Mitchell and wife to Norton, was too vague and indefinite to have the effect of granting a lease on any land outside of the tract of 112.36 acres—especially so far as third parties were concerned. The fact that the 7.35 acres of land was surveyed and identified afterwards as land belonging to the widow and heirs of W. H. Mitchell tends merely to support the argument that Norton might have compelled the widow and heirs of Mitchell to grant him a lease on the 7.35 acres, at any time before the rights of third parties intervened. But a vague and indefinite description in a deed, not descriptive of any particular tract of land, is not sufficient to convey title to any particular tract of land, especially as to third parties, even though it might give a

right of action to compel specific performance before the rights of third parties have intervened. It would serve no useful purpose to give here a line-up of the cases which furnish illustrations of a description that is too vague and indefinite to serve the purpose of a conveyance of title, on the one side, and of the cases which furnish illustrations of a sufficient description, on the other side. We are not aware of any case in which this court has passed upon the effect of a general clause very similar to that which the plaintiff relies upon in this case, at the end of the description of the land conveyed in a contract of lease or other conveyance. The fact that this general clause was not copied as a part of or as an addition to the description in the assignment which R. W. Norton made to the United Gas Public Service Company, on the sixteenth day after Norton had acquired the lease from W. H. Mitchell and his wife, indicates that Norton and the United Gas Public Service Company did not then interpret the clause as adding anything to the description of the 112.36 acres of land described in the lease.

 It is argued on behalf of the United Gas Public Service Company that the company has a right of action, in this suit, to obtain a decree against the widow and heirs of W. H. Mitchell, declaring that the tract of 7.35 acres was included in the lease which R. W. Norton acquired from W. H. Mitchell and his wife, on March 30, 1933, and which Norton afterwards assigned to the United Gas Public Service Company. Such a decree could not affect the rights of any one of the other defendants in this suit, namely, C. P. McCrary and A. Holiby, and R. L. Bauman and the McAlester Fuel Company; and, without affecting these defendants, such a decree would not afford any of the relief sought by the plaintiff in this suit.

The judgment appealed from is affirmed.

HIGGINS, J., takes no part.