(60 South. 52.)

No. ·19,051.

WOLF v. CARTER et al.

(Nov. 4, 1912. Rehearing Denied Dec. 2, 1912.)

*(Syllabus by the Court.)*

1. JUDGMENT (§ 452*)—RIGHT TO SUE—INTEREST IN SUBJECT-MATTER.

Where one sues for the annulment of a judgment wherein he was defendant, and the evidence shows that he has no interest in the property or the thing covered by said judgment, his suit will be dismissed. Article 345, Code

Prac.; Cure v. Porte, 18 La. Ann. 456; Weller v. Van Hoven, 42 La. Ann. 600, 7 South. 702.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 791, 792, 856, 857; Dec. Dig. § 452.*]

2. JUDICIAL SALES (§ 52*)—VALIDITY—VACATION—PRESUMPTION.

"The sale of the property of another is certainly null, where the parties know at the time of the sale that they are buying and selling that which does not belong to them; but where they were ignorant of it, as in this case, the subsequent discovery of the fact only confers *the right on the buyer to support the judgment* and demand security. The sale here was certainly not null, for the prescription of ten years could have been pleaded on it." Denis v. Clague, 7 Mart. (N. S.) 96.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 100–103; Dec. Dig. § 52.*]

3. JUDICIAL SALES (§ 52*)—SUBSEQUENT TITLE BY VENDOR—EFFECT.

"Though the sale of another's property be null, yet the vendor's subsequent acquisition of title vests it at once in the vendee, who cannot afterwards sue for a rescission." Hennen's Digest, "Sale," 1, (c), p. 1325.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 100–103; Dec. Dig. § 52.*]

Provosty, J., dissenting.

Appeal from Fifteenth Judicial District Court, Parish of Cameron; Winston Overton, Judge.

Action by Catherine Wolf and her husband against S. O. Carter and others. From a judgment of dismissal, Catherine Wolf appeals. Affirmed.

Stewart & Stewart and Gayle & Porter, all of Lake Charles, for appellant. Mitchell & Young, and Pujo & Moss, all of Lake Charles, for appellees.

SOMMERVILLE, J. The plaintiff, joined by her husband, Frederick Wolf, sues for the annulment of a judgment rendered June 19, 1901, in favor of S. O. Carter et al., defendants here. The judgment recognized S. O. Carter and Benjamin F. Rutherford as the owners of certain tracts of land in the parish of Cameron. The attack is based on the allegation that Mrs. Wolf was not properly cited; her husband not having been

made a party defendant in that suit with her.

Defendants plead an exception of want of interest in the plaintiff to have that judgment set aside and annulled, which exception has been maintained by the trial court, and the suit was dismissed. Plaintiff appeals from that judgment.

In the course of defendants' exception they allege, and they prove, that the property described in the judgment which is sought to be annulled was at one time the property of William Tobin, the first husband of plaintiff, Mrs. Wolf; that that property had been acquired during the existence of the marriage between Mr. Tobin and his wife; that immediately, after the death of William Tobin, his widow married Frederick Wolf, coplaintiff in this suit; that Mrs. Wolf, assisted by her husband, January 23, 1900, sold to these defendants, as widow in community with her late husband, all of her right, title, and interest in and to the community property and in and to the estate of her late husband, William Tobin; that the only property belonging to the late William Tobin was the real estate involved in this suit; that defendants paid to plaintiff the amount stipulated and as set forth in the act of sale; that they went immediately into actual possession of the real estate, and have been in possession ever since; that subsequent to the sale of her interest in William Tobin's succession, and subsequent to her marriage to Frederick Wolf, a child was born to her, which was conceived during the marriage of herself with her first husband, William Tobin; that the said child died shortly after it was born, and that Mrs. Wolf was its heir; that she inherited William Tobin's interest in the property through their deceased child; that subsequent to the birth and death of said child a second act of sale was passed by Mrs. Wolf, assisted by her husband, July 23, 1900, to these de-

fendants, in which she transferred again all of her right, title, and interest in and to the property referred to in the act of sale for $1 and other valuable consideration; that these sales were made with warranty; that the succession of William Tobin was closed, and the administrators discharged July 23, 1900; and that defendants were placed in possession of the property by order of court on that day; that subsequently persons styling themselves as the heirs of William Tobin sued Mrs. Catherine Wolf, plaintiff here, for possession of the property in the name of the deceased William Tobin; that this plaintiff, Mrs. Catherine Wolf, filed an answer in that suit in which she alleged and prayed that, having disposed of her entire interest in the above estate, she is without interest herein, except to see that full justice is done. Wherefore she prays that plaintiffs' suit be dismissed at their costs.

Mrs. Wolf testified as a witness on the trial of the peremptory exception referred to, and denied having signed the act of sale of July 23, 1900, or that she had intended to sell her interest in the estate of her husband in the act of January 23, 1900, and that she had not authorized any one to appear for her as attorney in the case of the heirs of William Tobin against her and others. But the evidence is quite clear and conclusive that she signed the act of sale referred to in the presence of the witnesses mentioned in the act after the same had been read aloud to her and her husband in the presence of the witnesses; that she had not been misled or deceived by defendants or any of the parties to either of the two acts; and that she authorized the attorneys in writing to represent her as defendant in the case of the heirs of William Tobin v. Mr. and Mrs. Wolf.

As stated before, the judgment attacked refers only to the property of William Tobin, which plaintiffs sold to these defend-

ants; and which is now and has always been in their possession since, they purchased it in 1900.

[1] Plaintiff is entirely without interest in having the judgment sued upon annulled and set aside. The judgment appealed from is correct, and it will be affirmed.

Plaintiff argues that the sale made by her, January 23, 1900, of all of her right, title, and interest in and to the estate of her late husband, is null and void on the ground that she could not sell her interest in the succession of her husband; but article 2449 of the Code says she may. Again, she says that the act is null because it does not specifically describe the real estate; but that was unnecessary. Article 2650, C. C. The parties to the act of sale are the only parties in court. She then argues that the child born to her was the heir of its father, and that the sale by her, of another's property, or of the succession of a living person, is null and void. But the vendor and vendees all appear to have been ignorant at the time of the sale that Mrs. Wolf was selling the property of another, living or dead. Plaintiff does not appear to have known that her unborn child would inherit its father's property if born alive; and defendants will not be presumed, in the absence of testimony to that effect, to know that a child was to be born to Mrs. Wolf, and that it was the child of a former marriage dissolved by death, instead of being a child of the existing marriage.

[2] "The sale of the property of another is certainly null, where the parties know at the time of the sale that they are buying and selling that which does not belong to them; but, where they were ignorant of it as in this case, the subsequent discovery of the fact only confers the right on the buyer to support the judgment and demand security. The sale here was certainly not null, for the prescription of 10 years could have been pleaded on it." Denis v. Clague, 7 Mart. (N. S.) 96.

The seller would not have any right whatever. She would be without interest.

Further, Mrs. Wolf's child died shortly after its birth, and she was its sole heir. She acquired whatever title it may have had; and, though the first sale might have been null, the subsequent acquisition of title by her through her child vested title in her vendees. Hennen, "Sale," 1, (c), No. 1.

And Mrs. Wolf was not in fact attempting to sell the succession of a living person or the succession of her unborn child. It was her interest in her husband's property which she sold after her husband's death.

"When a man sells his right to a succession, without particularly specifying the object of which it consists, he only warrants his right as an heir."

[3] Plaintiff urges that the second act of sale made by her, July 23, 1900, subsequent to the death of her child, wherein was given a full description of the property sold, purports to be a recognitive act, not made in conformity to the provisions of article 2272 of the Civil Code. But an examination of the act fails to show that it is a recognitive act. It is in reality an act made by her and her husband in favor of defendants, containing a full description of the property formerly sold by her to defendants, and declaring in one of its paragraphs that:

"The object and intent of this deed is to cover and make good any defects if any there be in and to a deed to this same property made by me to the said S. O. Carter and B. F. Rutherford, on January 23, 1900."

But we have seen that there were no defects in the former deed to be made good which had not been perfected before the date of the passing of this last act.

It is further argued by the plaintiff that she has another interest in having said judgment set aside, in that it condemns her to pay the costs of court in a suit where she had not been properly cited. The judgment referred to was rendered June 19, 1901. It was more than 10 years old at the time of the trial of this cause, July 13, 1911, and

there *does not appear to have been any action* by the plaintiffs in that suit to have the judgment revived. If a suit to revive that judgment had been filed, it would certainly have appeared in the record of this case. That judgment has been executed by defendants transferring possession of the property to plaintiffs. It is prescribed and cannot be enforced against plaintiff for the costs. But, beyond this, the plaintiffs in that suit, defendants in this one, have estopped themselves from claiming costs covered in that judgment by a plea of want of interest in Mrs. Wolf, which they have filed in this suit, wherein they say:

"Defendants, Carter and Rutherford, have made no claim against Mrs. Catherine Wolf for said costs, and are making none herein, therefore plaintiff is without interest as to said item."

And they ask that *defendants' plea of want of interest and no right of action on the part of plaintiff to prosecute this suit be maintained, and plaintiff's suit dismissed,* at her cost.

The judgment appealed from is affirmed, with costs.

PROVOSTY, J., dissents, holding that the subject of the sale made by her to defendant was not any particular property, but merely all her right, title and interest in the succession of her husband, and that the alleged act of ratification is null for informality; it not conforming with article 2272, C. C.