UNITED STATES v. 243.22 ACRES OF LAND SITUATE IN VILLAGE OF FARMINGDALE, TOWN OF BABYLON, SUFFOLK COUNTY, STATE OF NEW YORK et al.

No. 465.

District Court, E. D. New York.

Oct. 16, 1941.

Harry T. Dolan, Sp. Asst. to the Atty. Gen. (Edward H. Murphy, Sp. Atty., of New York City, Department of Justice, of counsel), for petitioner-plaintiff.

E. John Ernst, Jr., of New York City, for defendant Justine L. Lambert.

MOSCOWITZ, District Judge.

This is a motion for an order directing the petitioner-plaintiff to serve a verified bill of particulars of the allegations of the petitioner-plaintiff in this action and to set forth in said bill of particulars the following particulars:

"As to the Allegations Contained in Paragraph 'II' of the Amended Petition:

"1. State the express purpose or purposes for which the lands are alleged to be necessary to be acquired for the public use for military purposes.

"2. State when the lands were first deemed necessary to be acquired for the public use for public purposes.

"3. State the circumstances appertaining to the initial demand or need as alleged for the lands sought to be acquired herein.

"4. State at whose instance the Secretary of War, his subordinates or agents, were first requested and required to seek condemnation for the lands sought to be acquired herein.

"5. State the express public use alleged to have created the necessity for acquisition of the lands sought herein.

"6. State the time or times when the Secretary of War, his subordinates or agents, negotiated with this defendant as alleged herein.

"7. State the names of the persons who represented the petitioner-plaintiff and who conducted the negotiations alleged to have been made with this defendant herein.

"8. If such communications were made in writing set forth true copies thereof.

"9. If such communications were oral, state by whom made in behalf of petitioner-plaintiff and the substance of such oral communications.

"10. State the price at which the Secretary of War, his subordinates or agents,

is alleged to have offered to purchase the lands from this defendant.

"11. State the price at which this defendant is alleged to have offered to sell her lands to petitioner-plaintiff, or if this defendant did not offer to sell her lands at any price state the date, time and circumstances pertaining to her alleged refusal to sell or negotiate.

"As to the Allegations Contained in Paragraph 'III' of the Amended Petition:

"12. State when the Secretary of War first determined that it was necessary and advantageous to petitioner-plaintiff to acquire an estate in fee simple absolute in said lands."

■ As heretofore pointed out in the case of United States v. Certain Lands in the Borough of Brooklyn, Allrich Luhrs et al., D.C., 39 F.Supp. 91, 92, the new Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, expressly state that they do not apply to proceedings for the condemnation of property (See Rule 81(a) (7), and that the law of the State where the property is situated governs the practice, pleadings, forms and proceedings.

■ There is power in the Court to direct the service of a bill of particulars in a condemnation proceeding. The particulars demanded are immaterial to the issues raised in this proceeding.

■ Title vested to this property in the petitioner-plaintiff on December 19th, 1940, by the filing of a Declaration of Taking, pursuant to Title 40, Section 258a, U.S.C.A. and the depositing with the Clerk of this Court of the estimated just compensation. At the same time a petition was filed praying for an adjudication that the public use requires the condemnation of the lands. Subsequently an amended petition was filed in which it appears that the Secretary of War, acting under the authority of the Act of Congress approved August 1, 1888, 25 Stat.L. 357, 40 U.S.C.A. §§ 257, 258; the Act of Congress approved February 26, 1931, 46 Stat. 1421, U.S.C.A. Title 40, Section 258a et seq., and the Act of Congress approved July 2, 1940, 54 Stat. 712, Public No. 703, 76th Congress, 41 U.S.C.A. preceding § 1, has determined and is of the opinion that it is necessary and advantageous to the United States that the United States acquire the estate in fee simple absolute for the public use, to wit, for military purposes.

The above mentioned portion of the amended petition is a complete answer to item number 1. The other items demanded are immaterial. The information sought will not be admissible upon the trial of the action.

■■ The Court has no power to determine whether or not it is essential that the Government take the land, nor can the Court determine whether such taking is necessary, desirable or expedient, nor can the Court determine the purpose to which the land is to be put, if it be for a public purpose such question cannot be determined by the Court. The Court can not substitute its judgment for that of the Secretary of War. Such questions as, whether the land is being taken for military purposes, the necessity for the taking and the expediency of the taking are matters to be determined by the Secretary of War and not by the Court. See Old Dominion Land Co. v. United States, 4 Cir., 296 F. 20, affirmed 269 U.S. 55, 46 S.Ct. 39, 70 L.Ed. 162; United States v. Threlkeld, 8 Cir., 72 F.2d 464, certiorari denied, 293 U.S. 620, 55 S.Ct. 215, 79 L.Ed. 708; United States v. Chandler-Dunbar Water Power Company, 229 U.S. 53, 33 S.Ct. 667, 57 L.Ed. 1063; Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170; Barnidge v. United States, 8 Cir., 101 F.2d 295.

Motion for a bill of particulars denied.