### SAUCIER v. CRICHTON et al.

### No. 11155.

Circuit Court of Appeals, Fifth Circuit.

Feb. 8, 1945.

431

E. Leland Richardson, of Baton Rouge, La., for appellant.

R. D. Watkins, of Minden, La., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

In appropriate condemnation proceedings the United States on April 9, 1942,[1] acquired title to certain lands in Webster Parish, Louisiana, including three tracts referred to as A-12, A-38, and D-1. All the property taken was described with particularity, all known and unknown claimants were cited to appear, and the sum of money estimated to be just compensation for the land was deposited in the registry of the court. A curator ad hoc was appointed to represent absent and unknown claimants, and the market values of the three tracts were determined by a jury. On this appeal we are only concerned with a controversy between appellant and appellees, who filed answers in the condemnation proceedings setting up adversary claims upon two-thirds of the amount found by the jury to be just compensation for the three tracts.

Appellant's claim of title was founded upon two deeds. The first, from Mrs. Ida F. Neal to appellant dated October 31, 1923, purported to convey certain described lands in Webster Parish, Louisiana, and "all my right, title, and interest in any other land situated in Webster Parish, Louisiana, whether here described or not. My interest in said lands having been inherited by me under the terms of the will of my late husband, T. B. Neal, deceased." The property in controversy was not particularly described in this deed, but the records of the Parish at the time showed that a two-thirds interest therein stood in the name of T. B. Neal at the time of his death. The second deed was executed on August 24, 1942, by Wachovia Bank and Trust Company, as trustee for Mrs. Martha Ashcraft Chandler and as trustee and guardian for Clarence Ashcraft Chandler,

[1] The Declaration of Taking was filed on this date. See 40 U.S.C.A. § 258a.

Jr., which deed conveyed to appellant by quitclaim without warranty all the rights, titles, and interests of the grantors in the three tracts. Both deeds were duly recorded. Appellees asserted title under a deed dated October 17, 1900, from T. B. Neal to Thomas Crichton.

After the respective claimants had filed answers to the petition in condemnation, appellees moved to dismiss appellant's claim for failure to state a claim upon which relief could be granted. The court denied this motion, holding that, though appellant's deed from Mrs. Neal conveyed nothing because the description was inadequate, appellant might have acquired some interest in the fund under his deed from the Wachovia Bank. Appellees also deposited in court the amount, with interest, of the purchase price paid by appellant to Wachovia Bank for the quitclaim deed and moved that appellant be required to accept same and to release to appellees all rights that he had acquired under the deed. The ground of this motion was that the sale to appellant involved the transfer of a litigious right which, under Louisiana law, appellees were entitled to have released to them upon payment of the purchase price. The court granted this motion, and from the judgment entered thereon this appeal was brought.

On April 2, 1884, T. B. Neal, the common author from whom all parties claim, acquired the three tracts by act duly recorded in the conveyance records of Webster Parish, Louisiana. On July 23, 1887, he sold and conveyed to A. Goodwill, by deed duly recorded, an undivided one-third interest in said properties. On October 17, 1900, he executed and conveyed to Thomas Crichton, under whom appellees claim, an undivided one-third interest in lands in Webster Parish, the description of which was identical to said three tracts except that the deed recited that the lands were located in Township 18 North, Range 10 West, instead of Township 18 North, Range 9 West, the true location.

On April 11, 1902, T. B. Neal died testate at his home in Georgia. His will left certain interests in his properties to Mrs. Ida F. Neal, his surviving widow and second wife, and the remaining interests in said properties to Mrs. Emma Neal Douglas, a daughter by his first wife. Mrs. Ida F. Neal, on October 31, 1923, executed to appellant the deed hereinbefore described. Mrs. Emma Neal Douglas, subsequent to her father's death, married Clarence A. Chandler; whether she was divorced from Douglas or he in the meantime had died is not made clear in the record. On May 21, 1922, she died testate at her home in New York. Under her will all of her properties were devised to her husband, Clarence A. Chandler. Clarence A. Chandler died testate on October 25, 1932, at his home in North Carolina. Under his will, after making certain bequests, his properties were devised to his surviving widow and second wife, Mrs. Martha A. Chandler, and his minor son, issue of his marriage to her, Clarence A. Chandler, Jr.

The wills of T. B. Neal, Mrs. Emma Neal Douglas, and Clarence A. Chandler were duly probated, following their death, in the courts of the states wherein each was residing at the time of death; and in separate proceedings filed in November of 1942, in the District Court of Webster Parish, Louisiana, the probate of each of said wills was recognized and each of said wills ordered enforced in Louisiana.[2]

Subsequent to the death of Clarence A. Chandler, the Wachovia Bank and Trust Company of Winston-Salem, North Carolina, was duly qualified in that State under his will as trustee for the benefit of Mrs. Martha A. Chandler, his widow, and trustee and guardian of the estate of his minor son, Clarence A. Chandler, Jr. Under proceedings before the clerk of the Superior Court of Moore County, North Carolina, said bank was authorized by order of that court of date August 24, 1942, to convey to appellant, in consideration of the payment of $400.00 cash, all of the rights, titles, and interests of Mrs. Martha A. Chandler and of the minor Clarence A. Chandler, Jr., to said three tracts of land, and on August 24, 1942, said bank, as trustee for Mrs. Martha A. Chandler and as guardian of the minor, Clarence A. Chandler, Jr., executed a quitclaim deed, without warranty, to appellant, conveying all of their rights in and to the three tracts of land by specific description.

---

[2] The legality and effect of these several wills upon Louisiana properties or interests therein is not before us; hence, our reference to the interests conveyed by each is merely descriptive. What rights passed to the beneficiaries under each will is a matter to be passed on when this case is decided upon the merits.   .

The two questions before us are:

1. Was the blanket clause in the deed from Mrs. Ida F. Neal to appellant null and void for want of description?

2. Was the purchase by appellant from the Wachovia Bank and Trust Company, as trustee and guardian, the purchase of a litigious right under Louisiana law?

■ The lower court held that the blanket clause in the deed from Mrs. Ida F. Neal to appellant conveyed nothing, "being void for want of description," citing, Daigle v. Calcasieu National Bank in Lake Charles, 200 La. 1006, 9 So.2d 394; and Baldwin v. Arkansas-Louisiana Pipe Line Company, 185 La. 1051, 171 So. 442, 445. We think the cases cited do not sustain the lower court's ruling. In the Baldwin case a patent had been acquired by Samuel W. Mays to certain lands in Caddo Parish, Louisiana; the patent was never recorded in that Parish. After his death in 1881, leaving other real estate in that Parish, his heirs conveyed specifically described property belonging to his estate, the deed reciting that it was the intention to convey all of the deceased's property, whether described or not. One claimant claimed title to the property in controversy under this blanket description; other persons claimed title to same under a recorded chain of title from a common author in which the property was specifically and correctly described and under which adverse possession had been had for more than ten years. Under such facts the court in a petitory action [3] held that as between the defendants in possession under deed specifically describing the property and the plaintiff claiming title under the blanket clause in deeds out of the heirs of May, said deeds were void for want of description of the thing sold. In that case the court said: "The question as to what effect these deeds [from heirs of May] may have had between the parties to them is not before us."

In the Daigle case one Miller attempted to sell to Daigle the vendor's undivided one-half of the whole interest "in all the property that he now possesses in his name at the present date in Calcasieu Parish and St. Landry Parish, both real estate and personal property." [200 La. 1006, 9 So. 2d 395.] At that time Miller owned some property in Calcasieu Parish; this property was seized and sold under a judgment obtained against Miller. The purchaser at the sheriff's sale under this judgment was held to have acquired a valid title, the reason given being that the description in the deed from Miller to Daigle was insufficient to affect third persons, meaning third persons acquiring a claim to the property out of Miller. In that case the court said:

"In the same way, in the present case, the deed from David Miller to Zepherin Daigle, of a half interest in all of the property owned by Miller in Calcasieu Parish might have given Daigle the right to demand a deed describing specifically the 202.18 acres owned by Miller. That fact was recognized by Miller's subsequent transfer of the 202.18 acres to Daigle by specific description; but the transfer was recorded too late to affect the title which in the meantime had been acquired from Miller by the sheriff's deed to Edward J. Sullivan and Pierre Theaux, from whom the defendant in this case holds title by mesne conveyances."

See also United Gas Public Service Co. v. Mitchell, 188 La. 651, 177 So. 697, 698, in which the right of a vendee, claiming under a blanket clause in his deed, to require execution of an instrument with specific description was recognized.

■ The situation with respect to the sale from Mrs. Ida F. Neal to appellant, however, was different from that before the court in any of the cases referred to. Appellees acquired no interest to the three tracts out of Mrs. Ida F. Neal and claimed none from her. Neither do they hold under any title which describes said tracts. They exhibit no title, according to the record before us, to any interest adverse to that conveyed to appellant under the blanket clause in the deed from Mrs. Neal. Under that clause she conveyed to him all interest in lands in Webster Parish acquired by her under the terms of the will of her deceased husband, T. B. Neal. Such

---

[3] The petitory action in Louisiana is that brought by an alleged owner out of possession against one having possession to determine ownership. Ramos Lumber & Mfg. Co. v. Labarre, 116 La. 559, 40 So. 898, 902. Plaintiff must recover on strength of his own title, not on the weakness of defendant's title. Castagnie v. Bouliris, 43 La.Ann. 943, 10 So. 1; Stille v. Shull, 41 La.Ann. 816, 6 So. 634; Wilfert v. Duson, 131 La. 21, 58 So. 1019.

a right in a succession in Louisiana may be sold.[4]

In Wolf v. Carter, 131 La. 667, 60 So. 52, 53, the court said:

"Plaintiff argues that the sale made by her, January 23, 1900, of all of her right, title, and interest in and to the estate of her late husband, is null and void on the ground that she could not sell her interest in the succession of her husband; but article 2449 of the Code says she may. Again, she says that the act is null because it does not specifically describe the real estate; but that was unnecessary. Article 2650, C. C."

In Roberts v. Medlock, La.App., 148 So. 474, 475, the court said:

"Defendant's objection is that plaintiffs claim to have acquired title to the lot in question by virtue of a sheriff's sale to them made in a suit of John D. Miller and Charles B. Roberts v. Burke Mann, et al., brought January 7, 1914, in the parish of Ouachita to effect a partition of the estate of George W. Miller, deceased; that in neither the sheriff's deed, dated August 1, 1914, nor in any of the proceedings on which it is based, is the lot in question particularly described; that the general description contained in said deed, 'Also all money on hand or in any manner belonging to and due said estate, as well as all other property, rights and credits belonging to the Estate of G. W. Miller, deceased, of whatever nature and kind,' did not convey good and legal title to said lot to plaintiffs, and did not divest the heirs of George W. Miller of their title to and ownership thereof.

\*　\*　\*　\*　\*

"It is well settled that an heir can dispose of his interest in a succession by a general · description. In the present suit the purpose and intent was to dispose of the whole interest of all the heirs of a succession. Defendant has not shown any law prohibiting a sale by such a description. \* \* \*"

We think that appellant acquired such rights as Mrs. Ida F. Neal had acquired under the will of her husband, and, since appellees claim no rights out of Mrs. Neal to said property, that appellant is entitled to assert herein all rights Mrs. Neal may have asserted.[5]

The law of Louisiana upon the subject of what are litigious rights is set forth in its Civil Code within the following articles:

Article 2652:

"He against whom a litigious right has been transferred, may get himself released by paying to the transferee the real price of the transfer, together with the interest from its date."

Article 2653:

"A right is said to be litigious, whenever there exists a suit and contestation on the same."

The Code of Practice of Louisiana tells when a cause is at issue, that is, when a contest exists. Article 357 provides:

"The cause is at issue when the defendant has answered, either by confessing or denying the facts set forth in the petition, or by pleading such dilatory or peremptory exceptions as he is bound to plead in limine litis, pursuant to the provisions of this Code."

Article 359:

"The joining of issue is in fact the foundation of the suit, as citation is that of the action; it is only after this is done that the suit begins; the parties are then in a situation to discover what evidence is necessary in support of their respective claims."

In Sanders v. Ditch, 110 La. 884, 34 So. 860, 867, the court said:

"A right is said to be litigious whenever there exists a suit and contestation on the same. \* \* \* It seems that a suit brought does not alone suffice; that it is not enough that there should be a petition; that a copy of it and a citation should be

---

[4] Civil Code, Article 2449, provides: "Not only corporeal objects, such as movables and immovables, live stock and produce, may be sold, but also incorporeal things, such as a debt, an inheritance, the rights, title and interest to an inheritance, or to any parts thereof, \* \* \*." And under Civil Code, Article 2650, "When a man sells his right to a succession, without particularly specifying the objects of

which it consists, he only warrants his right as an heir."

[5] Mrs. Neal if living, her heirs if dead, are made parties to this suit, and are properly represented therein. Appellant may, therefore, by proper pleadings have his rights against Mrs. Neal if living, her heirs if dead, duly recognized, along with his rights in the fund to which she otherwise would be entitled except for her deed to him.

served on the defendant. It is necessary that there should be an answer."[6]

The controlling question, therefore, is whether there was a joining of issue with respect to the right conveyed, at the time conveyed, by the Wachovia Bank and Trust Company to appellant under its deed of date August 24, 1942. With respect to this the lower court said:

"It is plain that the 'issue' is the land, and title to the land. And since title passed immediately upon the signing of the judgment of taking and the deposit of money in the registry of the court, issue is joined at that moment. When the Secretary of War has certified the necessity of the taking, there can be no contest as to such necessity, and therefore any 'answer', improperly so-called, is not possible. The only 'answer' which can be made is a document setting forth a claim to a portion of the funds through former title, and it is not necessary that there should be a contest between two persons as to a portion of these funds, with 'answer' filed by each, before issue is said to be joined; * * *."

Upon the filing of the declaration of taking and the deposit of the money in the registry of the court, title to the land passed immediately to the Government;[7] thereafter the issue as to the land passed out of the proceedings.[8] The only issues remaining were (1) as between the Government and the claimants, the amount to be paid for the land taken, and (2) as between claimants, the determination of the owner entitled to the fund. Contestation took place, that is, issue was joined, as respects these issues only when answer was filed by the various claimants. Sanders v. Ditch, supra.

The interest which appellees assert to be litigious was acquired by appellant from the Wachovia Bank and Trust Company, as trustee for Mrs. Martha A. Chandler and as guardian for the minor, Clarence A. Chandler, Jr. Neither the bank nor the parties for whom it acted are named as purported owners in the original and supplemental petitions filed by the Government, nor are they named in the declaration of taking filed by the Secretary of

---

[6] In an article in Vol. 13, Tulane Law Review, on the Sale of Litigious Rights, the author says:

"As it is necessary before a right becomes litigious that there exist 'a suit and contestation on the same,' the controlling fact in determining whether the condition has been fulfilled seems to be the joining of issue. Thus, the mere filing of a petition or the serving of such petition on the defendant would not make litigious a right asserted therein. If the defendant pleads a declinatory exception, without answering to the merits, issue is not joined and the right is not rendered litigious, but if he answers to the merits or pleads certain peremptory or dilatory exceptions, the right thereupon becomes litigious. The words 'on the same', with which Article 2653 concludes, are a mistranslation of 'sur le fond du droit', found in the French text of the corresponding article in the Code of 1825, and should have been properly translated 'on [as to] the existence of the right'. Thus, the French commentators, on the basis of an identical text in the French Code, state that a right is not rendered litigious merely because there is a suit and contestation, but such suit and contestation must be on the existence of the right itself. Hence, an exception of vagueness, an exception to form, citation or service, or even a default judgment, though joining issue, would not render a right litigious because they do not contest the existence of the right asserted. On the

other hand, if the defendant contends that the debt has been extinguished by one of the legal modes, or enters a plea of discussion or division, the contestation would be on the existence of the right, and the right would be rendered litigious. * * *"

[7] 40 U.S.C.A. § 258a provides:

"Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto; * * *." See City of Oakland v. United States, 9 Cir., 124 F.2d 959; United States v. Sunset Cemetery Co., 7 Cir., 132 F.2d 163; United States v. 243.22 Acres of Land, D.C., 41 F.Supp. 469.

[8] A right, to be considered litigious, must be in litigation at the time of the sale; it will cease to be litigious if at the time of the sale judgment has become final. See McMicken v. Perin, 18 How. 507, 15 L.Ed. 504; Cucullu v. Hernandez, 103 U.S. 105, 26 L.Ed. 322; Denton v. Willcox, 2 La.Ann. 60; Marshall v. McCrea, 2 La. Ann. 79; Saint v. Martel, 122 La. 93, 47 So. 413.

War or in the judgment of taking signed by the court. They were parties to this suit, if at all, through the curator ad hoc appointed to represent all absentees and unknown and non-resident persons owning or claiming to own, having or claiming to have, any right, title, or interest in and to the three tracts. It is argued that said curator ad hoc filed an answer in behalf of all absentees or unknown owners on August 17, 1942, eight days before appellant acquired his deed, in which issue was joined by the curator ad hoc for the bank and for Mrs. Martha A. Chandler and the minor, Clarence A. Chandler, Jr.; hence, the deed made by the bank subsequent thereto was a conveyance subsequent to the joining of issue and when a contest existed, hence, was litigious. The answer of the curator ad hoc merely denies generally the allegations in the original and supplemental petitions filed by the Government and ends with a prayer "that the demands of plaintiff [the Government] be rejected at its costs." There was no joining of issue or assertion of any claim as respects the fund in court. Independently of this, the answer of the curator ad hoc specifically sets forth in whose behalf said answer is filed. To make certain for whom he makes appearance, he specifically states:

"Said absentees, unknown and non-resident persons, firms or corporations being as follows:"

In this list we find:

1. The heirs of T. B. Neal.

2. The heirs of T. B. Neal and his deceased wife.

3. Mrs. Ida F. Neal, Memphis, Tennessee, if living; if dead, her heirs.

4. Mrs. Emma Neal Douglas, if living, and her heirs if dead.

5. Mrs. Emma Neal Chandler, Shreveport, Louisiana.

6. Clarence A. Chandler.

Not only do the names of Mrs. Martha A. Chandler, widow of Clarence A. Chandler, and the minor, Clarence A. Chandler, Jr., fail to appear in the list of persons named by the curator ad hoc in his answer, but they fail to be embraced in or fall into the category of the heirs of T. B. Neal; the heirs of T. B. Neal and his deceased wife; the heirs of Mrs. Ida F. Neal, if dead; or the heirs of Mrs. Emma Neal Douglas, if dead. It will be noted that the curator ad hoc specifically appears for Clarence A. Chandler. He was not appointed, specifically, to represent the heirs of Clarence A. Chandler, if dead; and the facts show that Clarence A. Chandler died in 1932, leaving a will under which his properties passed to his surviving widow, Mrs. Martha A. Chandler, and to his minor son, Clarence A. Chandler, Jr. No appearance was made by the curator ad hoc for absentees and unknown owners generally, claiming an interest or for the Wachovia Bank, Mrs. Chandler, or Clarence A. Chandler, Jr., as absentees or unknown owners. Their rights or claims to the fund in court have never been in contest as the curator ad hoc has filed no answer in their behalf.

The procedure following the filing of the declaration and the judgment of taking is in the nature of an action in interpleader wherein a fund is deposited in court and the claimants are cited to appear and assert their rights. In such proceeding each claimant occupies a dual position as plaintiff and defendant with reference to the other claims; and it is only when an answer is filed by each claimant that it becomes possible to ascertain whether such claimant is asserting an interest. In the case before us appellant filed an answer asserting his claim to two-thirds of the fund representing the three tracts of land on August 31, 1942. Appellees filed an answer asserting their claim on September 28, 1942. As pointed out, no answer was ever filed by the curator ad hoc for Mrs. Martha A. Chandler and the minor, Clarence A. Chandler, Jr., either as absentees or unknown owners. Under these facts it may not be said that issue had been joined with respect to the fund in court either as to Mrs. Martha A. Chandler or the minor, Clarence A. Chandler, Jr., on August 24, 1942, when the Wachovia Bank and Trust Company, as trustee for Mrs. Martha A. Chandler and as guardian for the minor, Clarence A. Chandler, Jr., sold and conveyed to appellant all of the rights, titles, and interests of Mrs. Martha A. Chandler and the minor Clarence A. Chandler, Jr., in and to said property. The right transferred was not a litigious right.

The judgment appealed from is reversed and the cause remanded for further and not inconsistent proceedings.

Reversed and remanded.