CRICHTON et al. v. SAUCIER.
SAUCIER v. CRICHTON et al.
No. 11640.

Circuit Court of Appeals, Fifth Circuit.
Jan. 23, 1947.
Rehearing Denied April 2, 1947.

R. D. Watkins, of Minden, La., and Hugh M. Wilkinson, of New Orleans, La., for Thomas Crichton, Jr., and others.

E. Leland Richardson, of Baton Rouge, La., and A. S. Drew, of Minden, La., for M. D. Saucier, etc.

Before SIBLEY, HUTCHESON and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The controversy before us is over the fund deposited in court by the United States as compensation for lands in Webster Parish, Louisiana, taken by the United States for public use, referred to as Tract A 12, Tract A 31, and Tract D 1. One-third of the compensation for these lands has been awarded without contest to A. Goodwill, to whom in 1887 Thomas B. Neal conveyed an undivided one-third interest in these lands, Neal concededly theretofore having title to the whole. Neal in August, 1900, made a deed to Thomas Crichton, Sr., under which Crichton's descendants are now claiming, which is contended by them to convey a two-thirds interest, notwithstanding its seeming reference to a one-third interest only; but which is contended by M. D. Saucier to effectually convey no land here in dispute. The Crichtons also claim two-thirds by ten and thirty years prescription. Saucier claims the two-thirds interest under a conveyance to him by general description in 1923 by the widow of Neal, Mrs. Ida F. Neal; and also under a conveyance by Wachovia Bank and Trust Co., as guardian in North Carolina of Clarence Ashcraft Chandler, of all Chandler's right, title and estate in these lands, it being contended that Chandler had succeeded to all the interest of Thomas B. Neal not conveyed by him before his death in 1902. The conveyance of the Wachovia Bank was dated Aug. 24, 1942, and made under due authority from the North Carolina probate court, and in November, 1942, the proper court of Webster County, Louisiana, recognized the Bank as a foreign guardian, appointed an undertutor under the Louisiana law, and ratified and homologated the sale made in August, 1942. The Crichtons and Saucier, being the only claimants after due citation, are each claiming two-thirds of the money deposited for this land.

An attack was first made by the Crichtons against Saucier's two deeds, they asserting that the first for want of a specific description of these very lands did not convey any interest in them; and that the second was the purchase of a litigious right which under Louisiana law might be redeemed and extinguished by paying to Saucier the $400 he paid for it, which sum they tendered. On a previous appeal this court held that the deed of 1923 conveyed Mrs. Neal's interest in this land as against her, and since the Crichtons did not claim

under her by subsequent conveyance they could not have been hurt by the vagueness of description, and would acquire no greater title than they already had if Mrs. Neal had failed perfectly to convey; and we upheld the validity of the conveyance so far as it concerns the present controversy. We also held the Wachovia Bank deed was not the purchase of a litigious right, and that it stood as a muniment of title. Saucier v. Crichton, 5 Cir., 147 F.2d 430.

The case was then fully tried out in the district court, and a decree entered awarding the Crichtons one-third of the deposited compensation and Saucier the other one-third. Each side has appealed.

We have concluded that the district judge correctly decided the controversy, and refer to his painstaking and full opinion for the authorities to be followed and for an analysis of the rather complicated details and his reasoning upon them, forbearing a repetition. United States v. 12,918.28 Acres of Land, D.C., 61 F.Supp. 545.

On the main points now stressed we say:

■ 1. One contention is that the Wachovia Bank's deed of August 24, 1942, did not pass any interest in the fund because at its date the United States had already taken possession, and title had passed to the land so that the Bank's ward had no land to be conveyed. The record contains a judgment dated Dec. 3, 1942, which recites the fixing by a jury of the various compensations to be paid by the United States and which decrees payment into court of the sums fixed, less previous deposits, and that "upon deposit by the United States of America of the amount mentioned the title to the land described will be in the United States of America to the extent and subject to the exceptions above noted." The passage of the title seems to have been in fieri until then. But if the provisions of the condemnation statutes seem otherwise, we should still hold that the compensation to be deposited so fully stands in the place of the land taken that all things affecting the ownership of the land should be recognized in the distribution of the fund. This deed purports to convey this very land in course of condemnation, and would *estop* the maker from claiming its proceeds; and the maker is not claiming them. The United States is not objecting. This is not a matter which can be urged by the Crichtons.

2. We agree with the district court that Saucier has acquired by his two deeds, as against the Crichtons, the interest in the lands owned by Thomas B. Neal at his death in 1902, and that the Crichtons, if co-owners, have acquired no greater title by prescription than their deed from Neal gave them.

3. Their deed from Neal does not fail to convey an interest in these lands either for lack of description of them or for error therein. The pertinent things to be considered in interpreting and applying the description are fully and satisfactorily set forth in the opinion of the district judge; and the authorities he cites, Harrill v. Pitts, 194 La. 123, 193 So. 562, and Snelling v. Adair, 196 La. 624, 199 So. 782, sustain him.

■ 4. On the other hand this deed conveys only a one-third and not a two-thirds interest. Its language in the beginning is, "I Thomas B. Neal, a resident of the City of Atlanta, State of Georgia, bargain, sell, transfer and deliver to Thomas Crichton. * * * my one-third and undivided interest in the following described land situated in Webster Parish Louisiana," and at the end, "The consideration of this sale is $1,016.15 cash in hand, the receipt of which is hereby acknowledged, being at the rate of $1.12½ per acre for my one-third interest." One reading this would naturally understand that a one-third undivided interest only was sold. This is confirmed by the fact that the acreage in the description is totaled as 2709.74 acres, and the recited consideration of $1,016.15 is one-third of this acreage multiplied by the rate per acre of $1.12½. A two-thirds interest would have called for twice the stated consideration. It is argued that the words "My one-third *and* undivided interest" indicate that an interest additional to one-third is meant, and that there was a third interest in the lands to which

Crichton was entitled by reason of some joint adventure in a timber business which had been carried on by Neal, Crichton and Goodwill, and that Neal made or should have made a deed to Crichton to a third interest at the same time the third interest was conveyed to Goodwill. We think the evidence in entirely too vague and speculative to justify such a construction, especially since the parties are all dead, and no other writings exist about this particular matter. A far stronger case for extending a half-interest expressly mentioned in a deed, so as to cover a larger interest, failed in Snelling v. Adair, supra. It is not inappropriate to speak of an undivided one-third interest as a "one-third and undivided interest", for it is both one-third and undivided. We hold this deed conveyed only a one-third interest.

The judgment awarding one-third of the compensation to Saucier and one-third to the Crichtons is affirmed.