## UNITED STATES v. CERTAIN LAND IN CITY OF POUGHKEEPSIE, COUNTY OF DUTCHESS, NEW YORK et al.

### Civ. 29–364.

District Court, S. D. New York.
May 1, 1947.

Harry T. Dolan, Sp. Asst. to the Atty. Gen., for petitioner-plaintiff.

William A. Mulvey, of Poughkeepsie, N. Y., for Beacon Leather Goods Co., Inc.

BRIGHT, District Judge.

This proceeding was instituted to acquire title to the fee of certain lands along the Hudson River in Poughkeepsie, Dutchess County, New York, in a portion of which the defendant Beacon Leather Goods Company, Inc. is a tenant, under a lease dated August 4, 1941. That lease was made by the City of Poughkeepsie, the owner of the fee, and let the premises therein described for a term of 10 years ending on December 31, 1951, for the purpose of manufacturing handbags and other leather and fabricated leather goods. The rent to be paid was the cost of fire insurance on the leased buildings, of all liability insurance, and of water bills. The tenant agreed to make such additions, alterations, replacements and improvements upon the buildings as it should deem best and necessary, and to keep the premises in proper repair, at its sole expense; and to surrender the premises at the expiration of the lease and the improvements thereon, including the heating system, water system, toilets and every other improvement, with the exception of actual machinery used by it in the manufacture of its products; and all of said improvements at the termination of the lease, either on its expiration date or earlier, were to belong to the owner.

An order for immediate possession of the premises described in the petition was made on January 22, 1942. After the service of the petition and notice upon said defendant, it served an answer denying the right of the petitioner to condemn, and alleging as a defense its rights as a tenant and that by the condemnation and possession it "has been and will be deprived of a substantial portion of the leasehold property, causing extensive damages thereby and necessitating extensive alterations, changes, rentals of other areas and various other sundry expenses and damages by reason thereof." By stipulation that portion of its answer denying the right of the petitioner to condemn was withdrawn, and an interlocutory judgment of condemnation was filed on October 18, 1945.

Petitioner now asks for a bill of particulars setting forth in detail (1) the particular items of damage alleged to have been suffered by the defendant and for which claim is asserted, and (2) the specific amount of damages claimed for each injury or damage alleged to have been suffered.

There is no provision in the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a bill of particulars such as is requested; it being provided in section 81(a) (7) that those rules are not applicable in proceedings for condemnation, except with reference to appeals. By rule 83, the District Court may from time to time make and amend rules governing its practice not inconsistent with the federal rules. By Civil Rule 34 of this court, it is provided that "Whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the Federal Rules of Civil Procedure * * * it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If, however, no such parallels or analogies exist, then the procedure heretofore prevailing in courts of equity in the United States, or in default thereof the procedure which shall then prevail in the Supreme Court of the State of New York shall be applied".

I do not know of any provisions of any statute or of the federal rules or of the rules in equity which apply to this situation. The motion, therefore, would seem to be governed by the Civil Practice Act of the State of New York, which would justify an order for a bill of particulars.

Opposition to the motion is made on the ground (1) that a party whose rights are taken by eminent domain should not be compelled to disclose its evidence unless both sides should furnish the other with schedules of what they claim the damages to be; and (2) that if the court feels otherwise, pe-

titioner should be compelled to give defendant the same type of information as it now requests.

There is power in the court to direct service of a bill of particulars. United States v. 243.22 Acres of Land Situate in the Village of Farmingdale, D.C., 41 F. Supp. 469, 471. The petitioner does not assert that the defendant has suffered any damage; it merely concedes its obligation to pay "just compensation", whatever that may consist of under the circumstances. Defendant is asserting damage and the burden of proving such is upon it. It should, therefore, specify the nature of the damage claimed by it and the amount of each item thereof. By this I do not intend that it should be required to set out its evidence but that it should at least specify the same facts that it would be required to do in a proof of any claim which it might file. Its pleading is most general and may contain items which are not recoverable under settled law in similar cases. See, among others, United States v. General Motors Corp., 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311, 156 A.L.R. 390; United States v. 10,620 Square Feet, D.C., 62 F. Supp. 115; United States v. Petty Motor Co., 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729; United States v. Certain Land in the Township of Orangetown, Rockland County, N. Y., D.C., 69 F.Supp. 815.

An order will be made, to be settled on notice, directing the defendant to serve within 10 days, a bill of particulars showing the various kinds of damages which it alleges it has suffered by reason of the taking and for which it asserts a claim, and the amount of each item so asserted. It will not be required to specify its loss on each machine, but will be required to specify, for instance, such items as (1) loss of rental value, if any, and the amount thereof, (2) whatever damage it claims to have suffered by reason of deprivation of any portion of the leasehold property, if any, and the amount thereof, (3) the total amount of its claim for damage, if any, for alterations, changes and rentals of other areas, specifying the nature and amount of each thereof, and (4) for other sundry expenses and damages, specifying the nature and amount of each.