# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**14-475**

**HILCORP ENERGY I, L.P.**

**VERSUS**

**MERRITT OPERATING, INC.**

\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 75441
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of J. David Painter, James T. Genovese, and Phyllis M. Keaty, Judges.

**REVERSED AND REMANDED.**

**George H. Robinson, Jr.**
**Brian W. Capell**
**P.O. Box 52008**
**Lafayette, LA 70505**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    Hilcorp Energy I, L.P.

**Guy E. Wall**
**Paul E. Bullington**
**Jonathan R. Cook**
**540 Elmwood Park Blvd.**
**Harahan, LA 70123**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    Merritt Operating, Inc.

**PAINTER, Judge.**

Plaintiff, Hilcorp I, L.P. (Hilcorp), appeals the trial court's grant of a motion for summary judgment filed by Defendant, Merritt Operating, Inc. (Merritt), based on a finding that Hilcorp's statement of privilege did not adequately set out the amount due, and therefore, did not fairly apprise Merritt of the debt secured by the privilege. We disagree.

## FACTS AND PROCEDURAL HISTORY

In 2001, Merritt became the operator of the CAM I RA SUB; Shinn No. 1-D Alt. Well (the well), which is located in the Simon Pass Field in Section 23, Township 15 South, Range 13 East, St. Martin Parish, Louisiana. Merritt pays all of the costs associated with the well and sells the oil production to Plains Marketing, L.P. (Plains). In 2006, Hilcorp began leasing property in the unit and acquired 49.8552 percent of the leasehold interest in the unit. Through September 2009, the purchase price for the sale of oil to Plains was paid to Merritt monthly except for about 24 percent which was paid to royalty owners. Hilcorp claims that it owns 49.8552 percent of the mineral leases for the unit from which the well produces and that it is entitled to this percentage of the revenues from the sale of production from the well. After Merritt refused to pay Hilcorp and the Louisiana Commissioner of Conservation rejected Hilcorp's attempt to become the well operator, Hilcorp filed this suit. Hilcorp filed a statement of privilege in the mortgage records. Plains stopped paying Merritt the purchase price for the sale of production from the well. Hilcorp's statement of privilege describes the amount as "equal to 49.8552% of the production obtained from the unit well identified below for the period May 2006[,] to the present (which will continue to accrue until payment)." Merritt is currently producing the well but is not receiving any of the revenue.

1

Merritt filed a Motion for Summary Judgment or Alternatively to Release Production Revenues. In its memorandum in support of the motion, Merritt asserted that it was entitled to summary judgment because Hilcorp's statement of privilege did not fairly apprise it of the privilege claimed. Alternatively, Merritt asked the court to set a bond and rule that it was entitled to use the funds held in suspense to satisfy the bond and, in the further alternative, that it should be paid for operating and workover expenses.

The trial court found that the statement of privilege did not fairly apprise Merritt of the privilege claimed in that it did not include the amount due and granted Merritt's motion for summary judgment. This appeal followed.

## DISCUSSION

*Summary Judgment*

A motion for summary judgment is to be granted:

> [I]f the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. If the motion for summary judgment is denied, the court should provide reasons for the denial on the record, either orally upon rendition or in writing sua sponte or upon request of a party within ten days of rendition.

La.Code Civ.P. art 966(B)(2).

Summary judgment is favored, being "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2). The burden of proof is with the movant unless he will not bear the burden of proof at trial. La.Code Civ.P. art. 966(C)(2).

> Appellate courts review trial courts' ruling on motions for summary judgment *de novo*. *Sanchez v. Harbor Const. Co., Inc.*, 07-0234, p. 4 (La.App. 4 Cir. 10/3/07), 968 So.2d 783, 786. "An appellate court reviews a trial court's decision granting summary judgment *de novo* using the same standard applied by the trial court in deciding the motion for summary judgment." *Id.* "'An appellate

2

court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appell[ee] is entitled to judgment as a matter of law.'" *Williams v. Mem'l Med. Ctr.*, 03-1806, p. 13 (La.App. 4 Cir. 3/17/04), 870 So.2d 1044, 1052-53, *quoting Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750.

*Pine Prairie Energy Ctr., LLC v. Soileau*, 14-5 (La.App. 3 Cir. 6/11/14), ___ So. 3d___.

Therefore, we will examine the pleadings, depositions, answers to interrogatories, admissions, and the affidavits filed in support of and opposition to the motion and make a *de novo* determination as to whether material facts remain and whether Merritt is entitled to summary judgment as a matter of law.

*Non-Operator's Privilege*

"A non-operator has a privilege over the property described in R.S. 9:488 . . . to secure payment of all obligations owed to him by the operator from the sale or other disposition of hydrocarbons of the non-operator produced from the well." La.R.S. 9:4882. The privilege is established and effective as to a third party when the obligation it secures is incurred. La.R.S. 9:4884. A statement of privilege preserves the effect of the privilege against a third person to the extent that it:

> secures an obligation due more than one hundred eighty days or incurred more than one year before a statement is filed in the mortgage records of the parish where the operating interest subject to the privilege is located. The filing of the statement of privilege preserves the effect as to a third person for all obligations incurred thereafter.

La.R.S. 9:4885.

Louisiana Revised Statutes 9:4887 sets out the form and contents of a statement of privilege, as follows:

> A. A statement of privilege given by this Subpart must be in writing, signed by or on behalf of the creditor, and contain all of the following information:

3

(1) The name and address of the creditor and whether he is filing as an operator or non-operator.

(2) The amount of the obligation due as of the date of the statement.

(3) The name and address of the person owing such amount.

(4) The name of the operator of the well as shown by the records of the commissioner of conservation.

(5) A description of the operating interest over which the privilege is claimed.

B. The statement of privilege is not invalid if it fails to contain all of the information required by Subsection A of this Section, but fairly apprises the person against whom the privilege is asserted of the privilege claimed and of the operating interest, hydrocarbons, or other property upon which the privilege is claimed.

The statement of privilege filed by Hilcorp states in pertinent part that:

The amount of the obligation supporting this lien is equal to 49.8552% of the production obtained from the unit well identified below for the period May 2006 to the present (which will continue to accrue until payment). This amount is owed to Hilcorp by Merritt Operating, Inc. (Merritt), 3112 Purdue, Dallas, Texas, 75225, the current operator of the well.

Merritt asserts that this was inadequate to apprise it of the amount of the claim. After reviewing the documents in this case, particularly the affidavits in support of its motion for summary judgment, we conclude that Merritt had sufficient information in its possession to calculate the amount of the lien when provided with Hilcorp's interest in the unit production. Merritt's statement of uncontested facts included the value of the production attributable to the well and the amount paid for operating on the well. Accordingly, we find no basis for granting the motion for summary judgment. The affidavit of Kevin Merritt, president of Merritt, states the production attributable to the working interest and the costs of operating and working on the well. Attached to that affidavit was a statement of revenue, costs, and fees from the well from January 2006 through

4

March 2011. Attached to the affidavit of Nancy G. DeArman, manager of Division Orders of Plains is an accounting summary of production from the well from September 2009 through January 2011.

We will not consider Merritt's alternative pleas for relief as Merritt has not answered the appeal, and those matters have not been raised on appeal.

## CONCLUSION

Finding that Merritt has not shown that it is entitled to summary judgment as a matter of law, we reverse the judgment granting Merritt's motion for summary judgment. This matter is remanded for further proceedings.

**REVERSED AND REMANDED**.