NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-80

HILCORP ENERGY I, L.P.

VERSUS

MERRITT OPERATING, INC.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 75441
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy H. Ezell, and Shannon J. Gremillion, Judges.

REVERSED AND REMANDED.

**Guy E. Wall**
**Paul E. Bullington**
**Jonathan R. Cook**
**Sara Lewis**
**Wall, Bullington & Cook, LLC**
**540 Elmwood Park Blvd.**
**Harahan, LA 70123**
**(504) 736-0347**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Merritt Operating, Inc.**

**George H. Robinson**
**Brian W. Capell**
**Liskow & Lewis**
**822 Harding Street**
**P. O. Box 52008**
**Lafayette, LA 70505**
**(337) 232-7424**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Hilcorp Energy I, L.P.**

**EZELL, Judge.**

Hilcorp Energy appeals the decision of the trial court granting summary judgment in favor of Merritt Operating, Inc., dispersing roughly $406,000.00 from the registry of the court to Merritt. For the following reasons, we reverse the decision of the trial court and remand for further proceedings in accordance with our ruling.

The facts of this case were previously set forth by this court as follows:

> In 2001, Merritt became the operator of the CAM I RA SUB; Shinn No. 1-D Alt. Well (the well), which is located in the Simon Pass Field in Section 23, Township 15 South, Range 13 East, St. Martin Parish, Louisiana. Merritt pays all of the costs associated with the well and sells the oil production to Plains Marketing, L.P. (Plains). In 2006, Hilcorp began leasing property in the unit and acquired 49.8552 percent of the leasehold interest in the unit. Through September 2009, the purchase price for the sale of oil to Plains was paid to Merritt monthly except for about 24 percent which was paid to royalty owners. Hilcorp claims that it owns 49.8552 percent of the mineral leases for the unit from which the well produces and that it is entitled to this percentage of the revenues from the sale of production from the well. After Merritt refused to pay Hilcorp and the Louisiana Commissioner of Conservation rejected Hilcorp's attempt to become the well operator, Hilcorp filed this suit. Hilcorp filed a statement of privilege in the mortgage records. Plains stopped paying Merritt the purchase price for the sale of production from the well. Hilcorp's statement of privilege describes the amount as "equal to 49.8552% of the production obtained from the unit well identified below for the period May 2006[,] to the present (which will continue to accrue until payment)." Merritt is currently producing the well but is not receiving any of the revenue.

*Hilcorp Energy I, L.P. v. Merritt Operating, Inc.,* 14-475, p. 1 (La.App. 3 Cir. 11/5/14), 151 So.3d 1000, 1001 (alteration in original).

Plains deposited $1,351,361.14 into the registry of the court, the purchase price for the oil produced by the well after Plains stopped its monthly payments to Merritt. Merritt filed a motion for summary judgment seeking the release of $406,478.69 of that amount, which it claims was the undisputed operating costs of

the well during the time. Finding that Merritt was entitled to recover the costs of production of oil from the well, the trial court granted that summary judgment releasing that money to Merritt. From that decision, Hilcorp appeals.

Hilcorp asserts fours assignments of error. However, it is clear that the issues raised are simply four reasons why Hilcorp believes the trial court committed one error, granting Merritt's summary judgment motion to disperse. Accordingly, we will treat their assignments of error as one.

A motion for summary judgment is to be granted:

> [I]f the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. If the motion for summary judgment is denied, the court should provide reasons for the denial on the record, either orally upon rendition or in writing sua sponte or upon request of a party within ten days of rendition.

La.Code Civ.P. art 966(B)(2).

. . . .

> Appellate courts review trial courts' ruling on motions for summary judgment *de novo*. *Sanchez v. Harbor Const. Co., Inc.,* 07-0234, p. 4 (La.App. 4 Cir. 10/3/07), 968 So.2d 783, 786. "An appellate court reviews a trial court's decision granting summary judgment *de novo* using the same standard applied by the trial court in deciding the motion for summary judgment." *Id.* " 'An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appell[ee] is entitled to judgment as a matter of law.' " *Williams v. Mem'l Med. Ctr.,* 03-1806, p. 13 (La.App. 4 Cir. 3/17/04), 870 So.2d 1044, 1052-53, *quoting Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750.

> *Pine Prairie Energy Ctr., LLC v. Soileau,* 14-5, (La.App. 3 Cir. 6/11/14), 141 So.3d 367 [370-71, *writ denied*, 14-1697 (La. 11/7/14), 152 So.3d 177].

*Hilcorp,* 151 So.3d at 1002 (alterations in original).

A review of the evidence filed in support of and in opposition to the motion for summary judgment reveals that material facts remain, and that, accordingly, Merritt is not entitled to summary judgment as a matter of law.

Merritt is correct that Louisiana jurisprudence dictates that an operator of a well is entitled to recover the costs of operating a well prior to the dispersal of profits to other entitled persons or entities. *See Huckabay v. Texas Co.*, 227 La. 191, 78 So.2d 829 (1955); *Allies Oil Co. v. Ayers,* 152 La. 19, 92 So. 720 (1922); *Cooke v. Gulf Refining Co.,* 135 La. 609, 65 So. 758 (1914); *Willis v. Int'l Oil & Gas Corp.*, 541 So.2d 332 (La.App. 2 Cir. 1989). It is also undisputed that the costs of operating the well for the specific proceeds held in the registry of the court were $406,478.69. However, it is clear from Merritt's own evidence that the costs of operating the well have been recovered by Merritt several times. The well had total operating expenses of $2,492,642.19. The total revenues for the well were $6,613,936.17, leaving a profit of over $4,000,000.00. Of those profits, Merritt has paid Hilcorp, a roughly-50% interest holder, nothing. There is clearly a genuine issue as to whether or not Merritt is entitled to recover the $406,478.69 deposited in the registry of the court as operating costs, when the costs of operating the well, have, by their own evidence, been recovered many times.

Moreover, Hilcorp alleges that Merritt owes it roughly $2,000,000.00, more than the total amount deposited in the registry of the court. There is also a genuine dispute as to whether or not a specific time for operating costs should be carved out. After all, this is a profitable well, and a determination could be made at trial that Merritt owes at least $406,478.69 to Hilcorp. It is certainly possible that the money dispersed by this summary judgment would, for all intents and purposes,

3

ultimately have to be returned to Hilcorp. There are clearly genuine issues of material fact remaining in this case as to whom is entitled to the $406,478.69 and the trial court erred in granting Merritt's motion for summary judgment.

For the above reasons, we hereby reverse the decision of the trial court and remand this matter for further proceedings. Costs of this appeal are hereby assessed against Merritt Operating.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.